UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                              DECISION AND ORDER

                                                               08-CR-6226L
                                                               10-CV-6564L

                        v.

RICKY LEE WINTERS,

                              Defendant.
_____

       Defendant, Ricky Lee Winters ("Winters"), a convicted felon, was indicted in October 2008 of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 30, 2009, Winters pleaded guilty to Count I pursuant to a written plea agreement, attached as Ex. 1 to the Government's Response to Motion Pursuant to 28 U.S.C. § 2255 ( hereinafter "Response") (Dkt. #56). The plea was entered pursuant to FED. R. CRIM. P. 11(c)(1)(C) and included an agreed-upon sentence of sixty months imprisonment. The statutory maximum for the offense was ten years and with the highest Criminal History Category of VI, defendant's sentencing range under the United States Sentencing Guidelines ("Guidelines"), the range was 51 to 63 months. As part of the plea agreement, as is often the case, there was a provision that the defendant agreed not to directly appeal the judgment and sentence or file a motion collaterally attacking the judgment.

       On November 30, 2009, this Court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Winters to the sixty-month term of imprisonment (Response, Ex. 3).

       Approximately a year after Winters' sentence, he filed the instant motion (Dkt. #50) pursuant to 28 U.S.C. § 2255 seeking to vacate the judgment on the grounds defense counsel provided ineffective assistance. The motion is in all respects denied.

Subsequent to the filing of the Government's Response, Winters filed an amendment (Dkt. #67), alleging "newly discovered evidence." He also moved to amend (Dkt. #68) which was granted On September 12, 2012, he also filed a supplement to his motion (Dkt. #72).

First of all, Winters' motion here should be barred because the plea agreement specifically provided that there would be no direct appeal or collateral attack. The Second Circuit has upheld waivers of collateral attack based on the bar to such motions in a plea agreement. *See Frederick v. Lewisburg Correctional Facility,* 308 F.3d 192, 195 (2d Cir. 2002). The defendant's knowing and voluntary waiver of this right should be enforceable.

Such waivers might not be enforced if ineffective assistance of counsel establishes that the defendant's guilty plea was unknowing and involuntary at the time made. There is no question here that Winters knowingly and voluntarily pleaded guilty. The Government notes in its Response that in the defendant's original motion (Dkt. #50 at p. 2), Winters acknowledges that he had no defense and had to plead guilty. In all the papers filed by Winters, there is no suggestion that he had a defense or that he would not have pleaded guilty. The amendment (Dkt. #67), which purports to contain newly discovered evidence, changes little. Defendant claims that he has now discovered there was a reference to § 924(a)(2) to the charge. Winters suggests this is a new charge and was not presented to him previously. However, it is clear that § 924(a)(2) simply is a reference to the statutory maximum punishment that could be imposed for a violation of § 922(g). So, Winters' amendment is of no moment to the outstanding motion.

The transcript of the plea colloquy demonstrates that Winters had reviewed the plea agreement, understood it was to an agreed upon sixty month sentence and he understood the elements to the offense. Specifically, defendant was advised that one of the elements was that he possessed the firearm "in or affecting interstate commerce." (Response, Ex. 2, p. 20-21). Defendant's now suggestion in his amendment that he was not aware of any interstate commerce aspect to the plea, runs contrary to the plea agreement and defendant's statements at the time he pleaded guilty.

Furthermore, defendant was questioned about his prior conviction in 1990. That prior conviction was specifically referenced in the plea agreement (Response, Ex. 1, ¶ 4). At the time the plea was entered, Winters did not dispute his prior conviction or the fact that he possessed the shotgun charged here on December 29, 2007.

At the time of the plea, the Court was also advised that Winters was prepared to plead guilty to a felony driving while intoxicated charge in New York State Court and that state authorities agreed that if Winters received at least sixty months in federal court, on the instant charge, they would run their driving-while-intoxicated sentence concurrent with the federal sentence.

During the taking of the plea, defendant was advised that he had the highest Criminal History Category, VI, and Winters advised that all of his prior convictions had been by plea and not trial. The presentence report (Dkt. #43) listed Winters' extensive prior criminal record. He had nineteen prior convictions, including the felony criminal sale of a controlled substance in the third degree for which he received a sentence of 4 to 12 years, possession of contraband in prison, aggravated harassment, attempted criminal contempt, welfare fraud and multiple driving while intoxicated charges.

Winters claims that his trial counsel provided ineffective assistance of counsel. The burden on a defendant raising such a claim is significant. The test for determining ineffective assistance of counsel was established in *Strickland v. Washington,* 466 U.S. 668 (1984). There is a two-part test which must be met. First, the defendant must demonstrate that counsel's performance was in fact deficient and that the deficient performance was prejudicial to his case. *See Strickland v. Washington,* 466 U.S. at 687-88. Defendant bears a heavy burden in establishing both prongs of the test. In the context of a guilty plea, a defendant must demonstrate that the deficient performance undermines the voluntary and intelligent nature of the decision to plead guilty. Defendant is not able to demonstrate that prong of the test. Furthermore, where there is a guilty plea, the defendant must show that there is a "reasonable probability" that but for counsel's deficient performance, the result of the proceeding would have been different, that is, he would not have pleaded guilty.

In this case, with a significant record, even though the Guidelines were 51 to 63 months, the maximum sentence could have been ten years, and defendant was also facing a state charge. Counsel obtained an agreed-upon sixty month sentence and the understanding was that the state sentence would run concurrent with the federal sentence.

In his motion, Winters claims that his attorney failed to challenge his criminal history and did not argue for a "minor" participant adjustment. Concerning the minor participant adjustment, there is no basis for making such an argument since the defendant was charged alone and not with others. Only where there are multiple defendants could an adjustment under Guidelines § 3B1.2 be considered.

Defense counsel did raise several objections to the presentence report (Response, Ex. 3, p. 3-5). She acknowledged that it did not affect the Criminal History Category or the Offense Level and none would affect the agreed upon Rule 11(c)(1)(C) sentence. The Court determined that it need not resolve those disputed matters since they would not affect the sentence. Neither defense counsel nor Winters raised any objection to the Probation report that defendant had a Criminal History VI and there was no suggestion by Winters that his Criminal History was not accurate.

Winters also suggests that his counsel should have attacked the underlying 1990 state felony conviction. But, Winters never disputed that conviction either during the plea colloquy or at the time of sentencing. Winters himself told the Court that he did not challenge or question the validity of the 1990 conviction.

Apparently Winters later did seek to challenge the 1990 conviction by filing in New York State Court a motion under CPL § 440.10. That motion is attached to Winters' motion to vacate. The Cayuga County Court denied that motion on August 11, 2010. Therefore, at the time Winters pleaded and was sentenced and now, the 1990 conviction which forms the predicate for the instant offense remains valid and in effect.

The Court did grant Winters leave to file a supplement to his petition and Winters did so on September 12, 2012 (Dkt. #72). The Court has reviewed that filing and much of it relates to the

difficulty he had with his proceedings in state court relative to his plea to driving while intoxicated. They are matters over which this Court has no jurisdiction and matters that occurred subsequent to this Court's taking of the plea and imposing sentence.

CONCLUSION

Defendant's motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255 (Dkt. #48), as supplemented, is in all respects denied.

Defendant has failed to establish ineffective assistance of counsel. He has failed to establish that counsel's performance was deficient and that he suffered some prejudice on account of that performance.

Furthermore, I deny a certificate of appealability because defendant has failed to make a substantial showing of a violation of a constitutional right.

Defendant's motion to appoint counsel (Dkt. #64) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 24, 2012.